**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JERAMIE CARLSSON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br><br>BYRON CRAGG, *et al.,*<br>　　　　　　Defendants. | 3:14-cv-00091-MMD-VPC<br><br><br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#15). Plaintiff opposed (#29) and defendants replied (#30). For the following reasons, the court recommends that defendants' motion be granted in part and denied in part.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Jeramie Carlsson ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Plaintiff is currently incarcerated at Ely State Prison ("ESP") in Ely, Nevada. On February 2, 2014, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (#1). The District Court screened plaintiff's complaint on December 2, 2014 (#10) and allowed plaintiff to proceed on Count I, which alleges violations of his Eighth Amendment rights by two officers from Reno Police Department ("RPD") and three officers from Sparks Police Department ("SPD").

The RPD officers filed a motion to dismiss on January 23, 2015 (#15), and the SPD officers joined the motion on January 26, 2015 (#17). Defendants argued that plaintiff's excessive force claims, which allegedly occurred during his arrest, do not state an Eighth Amendment claim, rather a Fourth Amendment claim; therefore, the complaint should be dismissed because it fails to cite the correct legal right. (#15 at 3-4.) Prior to this court recommending a disposition on the motion, plaintiff filed a motion for leave to amend his

complaint (#27), in which remedied this error. (*See* #27-1 at 4.) Defendants opposed plaintiff's motion to amend, claiming that plaintiff intends to cause numerous delays and requests amendment only to avoid defendants' motion to dismiss. (#30 at 4.) In response, plaintiff argued that the error in his original complaint resulted from his lack of legal knowledge, and rather than delay, he sought only to correct a simple mistake. (#31 at 2-3.) The court has granted plaintiff's motion to amend (#34).

## II.   MOTION TO DISMISS

On July 10, 2015, this court granted plaintiff's motion to amend (#34), and the court now considers the arguments raised in favor of dismissal (#15, #30) with respect to the amended complaint (#35) because the original and amended complaints are nearly identical. For the following reasons, the court recommends that the motion to dismiss be granted and denied in part.

**A.   Standard**

Under Federal Rule of Civil Procedure 12(b)(6), the court dismisses a complaint when the plaintiff fails to state a claim upon which relief can be granted. When analyzing a motion under Rule 12(b)(6), factual allegations, but not legal conclusions, are to be accepted as true, and the complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The complaint need not have "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the complaint must "raise a right to relief above the speculative level" and provide more than "a formulaic recitation of the elements of a cause of action." *Id.* The allegations are construed in "a light most favorable to the plaintiff." *Chubb Custom Ins. Co. v. Space Sys.*, 710 F.3d 946, 956 (9th Cir. 2013). Further, the court applies a less stringent standard when reviewing the pleadings of a *pro se* party as opposed to a party represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

**B.   Analysis**

Defendants' sole argument for dismissal is that plaintiff fails to allege an Eighth Amendment claim. The amended complaint (#35) cures this deficiency by styling the excessive force allegations as a Fourth Amendment claim. Therefore, defendants' argument for dismissal is moot. The court recommends that defendants' motion be denied.

However, as this case is still in its early stages, the court finds proper an additional screening pursuant to 28 U.S.C. § 1915A. The amended complaint brings both official- and individual-capacity claims. Official-capacity suits are actions "against an entity of which an officer is an agent," and are to be treated as a suit against the entity. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985). When the entity is a municipality or municipal agency, plaintiffs must show more than a mere deprivation of their federal rights to bring an official-capacity claim. *See id.* Instead, they must show that the entity itself is the "moving force behind the deprivation" by way of a particular "policy or custom" the municipality has in place and which the officers carried out. *Id.* (internal quotations omitted). In this case, the claims against defendants in their official-capacities lack support of allegations that the officials violated plaintiff's rights while acting pursuant to a municipal custom or policy, allegations that are necessary to impose official-capacity liability. Therefore, the court recommends that the official-capacity claims against all defendants be dismissed.

### III.   CONCLUSION

Defendants' motion to dismiss should be denied because their argument is moot. However, because of the deficiencies in the official-capacity claims, the court recommends dismissal of these claims.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#15) be **GRANTED AND DENIED IN PART**;

**IT IS FURTHER RECOMMENDED** that the plaintiff's official-capacity claims against all defendants be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND**;

**IT IS FURTHER RECOMMENDED** that the plaintiff's individual-capacity claims against all defendants **PROCEED.**

**DATED**: July 10, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**