UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JERAMIE CARLSSON,<br><br>         Plaintiff,<br>  v.<br><br>BYRON CRAGG, et al.,<br><br>         Defendants. | Case No. 3:14-cv-00091-MMD-VPC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

  Before this Court is the Report and Recommendation of the United States Magistrate Judge Valerie P. Cooke ("R&R"), relating to Defendants Byron Cragg and Ryan Connelly's Motion to Dismiss (dkt. no. 15). (Dkt. no. 36.) Plaintiff had until July 27, 2015, to object to the R&R. No objection was filed.

  This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an

objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court has conducted a *de novo* review and determines that the R&R of the Magistrate Judge should be accepted and adopted in full.

It is therefore ordered that Defendants' motion to dismiss (dkt. no. 15) is granted in part and denied in part. Defendants' argument for dismissal of Plaintiff's Eighth Amendment claim is rendered moot as Plaintiff cured the deficiency in his amended complaint. Plaintiff's official-capacity claims against Defendants are dismissed without prejudice, with leave to amend. Plaintiff's individual-capacity claims against all defendants shall proceed.

If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. If Plaintiff chooses to file an amended complaint, he must do so within thirty (30) days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action will proceed on Plaintiff's First Amended Complaint and as limited by this Order.

DATED THIS 21st day of August 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE